1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

KAMANI COURVOISIER STELLY,

Case No.  25-cv-01975-JSC

8

Plaintiff,

9

v.

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

10

MARTINEZ DETENTION FACILITY,

11

Defendant.

12

## INTRODUCTION

13

    Plaintiff, an inmate in the Martinez Detention Facility of the Contra Costa County Jail,

14

who is proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983.  Leave

15

to proceed in forma pauperis is granted in a separate order.  For the reasons discussed below, the

16

complaint is dismissed with leave to amend.

17

## BACKGROUND

18

    Plaintiff alleges he fell from of his top bunk, his back "locked up," and he could not move.

19

(ECF No. 1 at 2.)  His cellmate called for medical care while Plaintiff lay on the cell floor in

20

"excruciating pain."  (*Id.* at 3.)  Plaintiff yelled that he was in pain and could not feel his legs.

21

(*Id.*)  An "officer"[1] and a nurse told Plaintiff they would call for medical assistance, but they did

22

not do so.  (*Id.*)  Approximately an hour and half after falling, Plaintiff tried to stand up, but he fell

23

and struck his head.  (*Id.*)  An officer, seeing Plaintiff was bleeding, called for medical attention at

24

that point.  (*Id.*)

25

## STANDARD OF REVIEW

26

    Federal courts must engage in a preliminary screening of cases in which prisoners seek

27

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

28

---

[1] Plaintiff does not identify the officers or nurse, nor does he name them as defendants.

United States District Court
Northern District of California

1915A(a).  The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by parties unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

The complaint only names the "Martinez Detention Facility Medical/Custody" as a Defendant.  (ECF No. 1 at 2.)  This is not a proper defendant because the Martinez Detention Facility is run by Contra Costa County, and it is not itself an independent legal entity that can be sued.  Therefore, the complaint does not state a claim against the named Defendant that is capable of being judicially heard and decided.

Plaintiff may sue Contra Costa County because local municipal governments, such as counties, are "persons" subject to liability under 42 U.S.C. § 1983 when official policy or custom

causes a constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city or county cannot be held liable for the unconstitutional acts of its employees under the theory of "respondeat superior," that is, under a theory that it is the employer of officials whose actions violated a plaintiff's constitutional rights. *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). So, to impose liability on a county under Section 1983 for a violation of constitutional rights resulting from a local government's action or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality [county] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)).

Plaintiff has not alleged the County had a custom or policy at the jail that caused him not to receive medical care sooner. His allegations that an officer and a nurse did not summon medical care, and then an officer subsequently summoned medical, are not sufficient, without more, to plausibly allege what custom or policy the County had that prevented him from receiving medical care faster. Plaintiff will be granted leave to amend his complaint to name Contra Costa County as a Defendant and allege facts that plausibly state a claim for relief against Contra Costa County under *Monell*. Plaintiff may also name as Defendants individual jail employees whose actions caused a violation of his constitutional rights.[2]

## CONCLUSION

For the above reasons,

1.    The complaint is DISMISSED with leave to mend. Plaintiff may file an amended complaint on or before **August 20, 2024**. The amended complaint must include the caption and civil case number used in this order (No. C 25-1975 JSC (PR)) and the words "COURT-

---

[2] Plaintiff must provide the last name and location of any individual defendants, and if possible their first name or initial and their job title, to allow the United States Marshal to locate them for service. *See* 28 U.S.C. § 1915(d).

United States District Court
Northern District of California

ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, his case may be dismissed.</u>

  2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

  **IT IS SO ORDERED.**

Dated: July 18, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4